GAREY v. UNION BANK OF GEORGETOWN. See Case No. 5,241a.

GARFIELD (CAIN v.). See Case No. 2,293.

GARITY v. OCEAN TOW BOAT CO. See Case No. 13,175.

---

## Case No. 5,242.

### GARLAND v. BOWLING.

[Hempst. 710.]¹

Circuit Court, D. Arkansas. April, 1855.

RESCISSION OF CONTRACT—PLACING PARTIES IN STATU QUO.

1. Before a contract can be rescinded for any cause whatever, the parties must be placed in statu quo.

2. Where a person had purchased slaves, and given a note therefor, on which judgment was obtained at law, the vendee cannot enjoin the collection of it on the ground that the negroes were unsound, if he still retains the possession of them.

3. A person cannot hold the property of another and refuse to pay him for it.

Bill for injunction, before DANIEL, Circuit Justice. RINGO, District Judge, having been of counsel in the case, did not sit.

¹ [Reported by Samuel H. Hempstead, Esq.]

The bill was brought to enjoin a judgment at law, rendered in the circuit court on the 25th of April, 1845, in favor of the defendant [William Bowling, as administrator of William J. Bowling, deceased], and against the complainant [Josiah Garland], for 1,626 dollars and 25 cents, on the ground that it was part of the purchase-money of five slaves sold by William J. Bowling, deceased, to complainant, on the 7th of December, 1843, for $1,600, and which slaves were warranted to be sound and healthy in body and mind, and slaves for life; that the said slaves were unsound and diseased, and not worth as much as they were represented; and that the judgment ought to be perpetually enjoined. Prayer for injunction and general relief. The bill did not offer to return the negroes, or place the parties in statu quo; and it clearly appeared from the proof, that the slaves that were living, two having died, remained in the possession of the complainant, and no wish was expressed on his part to surrender them and rescind the contract.

A. Fowler, for complainant.

A. Pike and P. Trapnall, for defendant.

DANIEL, Circuit Justice. The proof taken in the case is not sufficient to show that the slaves were unsound at the time of their purchase as alleged by the complainant in his bill. This is a ground to be made out by him clearly and satisfactorily before he could be entitled to relief in any aspect of the case. And having failed in that respect, he could not in any event succeed. But there is another objection which is fatal to his claim to relief. It is that he still holds the slaves in possession, and does not offer to surrender them, or to place the parties in statu quo. His object appears to be to enjoin the collection of the purchase-money and retain the negroes. Such conduct a court of equity cannot sanction. If he desires to rescind the contract for any cause whatever, and is entitled to do so, he is bound to restore to the adverse party what he received from him. This is demanded by the rules of equity and fair dealing, and is without exception in the forum of conscience. He cannot hold the property of another, and refuse to pay for it; and as it appears by the evidence that he retains the possession and claims the slaves as his own, and does not offer to surrender them, it is not only a complete bar to relief, but very significant evidence that the slaves are not so valueless as the complainant has alleged them to be in his bill.

The injunction granted in this case must be dissolved, the bill dismissed with costs, and the defendant remitted to his judgment at law, and execution to be issued thereon. Decreed accordingly.